HARPER & BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. May 18, 1909.)

No. 5,247.

Customs Duties (§ 38*) — Classification — Fashion-Plate Drawings — "Works of Art."

The provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 703, 30 Stat. 203 (U. S. Comp. St. 1901, p. 1690), for "works of art," does not include fashion-plate drawings, which, though possessing artistic merit, are for purely practical and utilitarian purposes.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 8, p. 7524.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York as to fashion-plate drawings intended for publication in the fashion department of Harper's Bazar, which the importers contended should have been classified as "works of art." The Board overruled this contention, on the authority of a

----

previous decision (In re Vandiver, G. A. 6,542 [T. D. 27,913]), in which the following observations were made:

"While some of these pictures include landscape, most of them are drawings of persons and garments or parts of garments intended to illustrate the modes and fashions in France or Paris, where they are drawn. It might be claimed that they are artistic in design or appearance, so far as the landscape is portrayed or in the faces of the figures; but these, in our view, are merely incidental to the main thought and purpose of the sketches, which is to show to the readers of the periodical the styles of garments worn in France. We do not think this is a purpose which, when carried out, would characterize the commodity as 'works of art'; and, aside from this, the works in themselves are not of such merit, we think, as would warrant us in finding that they are works of art, if we could disabuse our minds and thoughts of the idea that they are for purely practical and utilitarian purposes."

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

Addison S. Pratt, Asst. U. S. Atty.

PLATT, District Judge. The importations in question, consisting of fashion-plate drawings, were classified for duty under the provisions of paragraph 454 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678]). The importers claim free entry under the provisions of paragraph 703 of said act as "works of. art, the production of American artists residing temporarily abroad." The Board sustained the collector's classification, and from that decision the importers appealed to this court.

While these drawings may have been the production of American artists residing temporarily abroad, and while they may have some artistic merit, I do not think Congress, in enacting paragraph 703, had in contemplation productions of this character. As stated by the Board, their use is "for purely practical and utilitarian purposes." In re Vandiver, G. A. 6,542 (T. D. 27,913). This conclusion makes it unnecessary to discuss the question of jurisdiction respecting certain of the protests involved herein.

Decision affirmed.